**UNITED STATES of America,
Appellee,**

**v.**

**Sheldon ENGLISH, Defendant–
Appellant.**

No. 07–3007–cr.

United States Court of Appeals,
Second Circuit.

Sept. 17, 2008.

Jonathan Svetkey, Watters & Svetkey, LLP, New York, NY, for Petitioner–Appellant.

Joseph J. Karaszewski, Assistant United States Attorney, (Terrance P. Flynn, United States Attorney, on the brief), United States Attorney's Office for the Western District of New York, Buffalo, NY, for Respondent–Appellee.

PRESENT: JOSÉ A. CABRANES, ROSEMARY S. POOLER and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Sheldon English appeals from a July 13, 2007 judgment of conviction of the District Court. Following a jury trial, defendant was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Defendant was acquitted of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and, accordingly, the jury did not reach a third count charging possession of a firearm in furtherance of a drug trafficking felony, in violation of 18 U.S.C. § 924(c)(1). Defendant was sentenced principally to a term of 120 months' imprisonment. On appeal, defendant argues that (1) the District Court abused its discretion in admitting evidence of defendant's prior drug trafficking conviction; (2) the District Court erred in denying defendant's motion to suppress his post-arrest statements; (3) the government elicited testimony concerning a "show-up" identification of defendant that it stated it would not introduce at trial, depriving defendant of his due process rights; and (4) defendant was denied his rights pursuant to the Speedy Trial Act. We address each argument in turn, and assume the parties' familiarity with the facts and procedural history of the case.

(1) Before trial, the government informed the District Court and defense counsel that it sought to introduce evidence of ten "other acts" pursuant to Fed. R.Evid. 404(b) to show, among other things, defendant's knowledge and intent concerning constructive possession of the drugs found in a car in which he was a passenger, defendant's intent to distribute the drugs, and his motive for carrying the gun. Defense counsel argued in turn that evidence of other acts should not be introduced because, *inter alia*, the defense theory at trial would be that defendant was unaware of the presence of drugs in the vehicle, and as such, intent would not be at issue. During trial, the District Court considered the government's request and ruled to admit evidence of one of the ten acts in relation to defendant's knowledge and intent vis-a-vis the drugs. Despite the defense's arguments to the contrary, the District Court stated that "intent and knowledge are very much at issue in this case," and quoted a portion of defense counsel's opening statement for support: " '[T]here are a lot of things that I think we'll be able to stipulate to, but the important fact here is what my client knew, what did he know, what did he intend are very much in doubt here.' " The District Court further ruled to admit evidence from the same incident for the purpose of showing motive to carry the gun: "I believe on balance, that motive to carry the firearm is an issue before the jury, motive as to the purpose for which Mr. English, assuming he did possess the firearm . . . to further the drug trafficking crime that he allegedly committed on April 22." The District

Court then permitted the government to elicit testimony concerning the prior incident, and immediately followed the testimony with an extensive limiting instruction.

■ We find that the District Court did not abuse its discretion in admitting other acts evidence pursuant to Fed.R.Evid. 404(b). We have long supported an "inclusionary approach" to the admission of other acts evidence for "any purpose other than to show a defendant's criminal propensity." *United States v. Paulino*, 445 F.3d 211, 221 (2d Cir.2006) (internal citations and quotation marks omitted). Furthermore, we accord considerable deference to a district court in making such a determination, and will reverse only for abuse of discretion. *Id.* We find here that the District Court thoroughly analyzed the evidence and determined that it was offered for a proper purpose, was relevant, and that its probative value substantially outweighed its prejudicial effect. Moreover, as noted above, the District Court gave an extensive limiting instruction to the jury. As such, we find no abuse of discretion. We do note, however, that even if there were error in admitting the other acts evidence, the admission of such evidence was harmless insofar as defendant was acquitted of the two charges for which the evidence was admitted. *See, e.g., United States v. Bellomo*, 176 F.3d 580, 596 (2d Cir.1999) (finding in an extortion case that the prosecutor's inference that payments a company made to defendant were against the company's will was harmless because the jury acquitted defendant on the substantive count of extortion).

■ (2) Defendant argues in a separate *pro se* brief that the District Court erred in denying his motion to suppress his post-arrest statements in which he said, among other things, "I had my gun with me, a chrome 9 millimeter … we fired … I ran and tossed the gun I had." Specifically, defendant argues that the Magistrate Judge who originally determined that the statements could be admitted, erred because her analysis did not explicitly address the meaning of voluntariness, as defined by *Moran v. Burbine*, 475 U.S. 412, 421, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986). However, the record demonstrates that the Magistrate Judge considered all relevant facts in determining whether or not defendant's statements were voluntary. She found that the police investigators read defendant his *Miranda* rights, and that he said he understood them. The Magistrate Judge also found that defendant did not appear to be under the influence of drugs or alcohol, and that he appeared to understand and respond to the investigator's questions. Finally, the Magistrate Judge noted that defendant did not request counsel at any point in the interview. Our review of the record leads us to conclude that the Magistrate Judge considered the totality of the circumstances surrounding the interrogation in making her determination, and that defendant's statement was the product of a free and deliberate choice. Accordingly, we affirm the District Court's decision to adopt the Magistrate Judge's Report and Recommendation to deny defendant's motion to suppress his post-arrest statements.

■ (3) Defendant argues that contrary to its pre-trial representation, the government elicited testimony concerning a suggestive "show-up" identification of defendant, depriving defendant of his due process rights. Pre-trial, defense counsel made a motion to suppress the identification of defendant by a parole officer who witnessed the shooting and later was brought to view defendant, then sitting in a police car, to see if she could identify him. The government responded by saying that it did not intend to call any of the

parole officers in its direct case to ask them to identify the defendant in court, and the Magistrate Judge determined that defense's original motion was moot. In the government's Rule 404(b) Notice, however, the government stated that though the parole officers were "unable to positively identify the defendant as the shooter," the officers "indicated that the clothes the defendant was wearing, as well as his gender and race" matched that of the shooter, and would be called to testify as such. The District Court tentatively ruled against admitting the evidence, on the grounds that it "might be close enough" to an identification, but decided during trial that the proffered testimony could be introduced. At trial, one of the parole officers testified that following the shooting, she was brought to the police car, whereupon "[t]hey asked me to see if it is—if it matched the person who was the shooter. . . . The person was wearing dark pants and a white T-shirt. . . . I had told the detective that I thought it was the shooter, but I couldn't be absolutely positive. . . . It was consistent with what I had—what the shooter was wearing." Defendant argues on appeal that this testimony, which he contends the government stated it would not introduce, was based on an unnecessarily suggestive and unreliable identification, depriving defendant of his due process rights.

The Supreme Court has held that the standard on direct appellate review for determining whether a conviction must be set aside because of federal constitutional error is whether the error "was harmless beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Even if we assume, *arguendo*, that the District Court erred in allowing the government to elicit the parole officer's testimony based on the prior identification, the error is undoubtedly harmless "beyond a reasonable doubt" in light of the other clear evidence of guilt—specifically, defendant's own admission to possessing the firearm. Accordingly, defendant's conviction will not be set aside on this basis.

(4) Finally, defendant argues in a *pro se* brief that he was denied his rights pursuant to the Speedy Trial Act. The Speedy Trial Act provides that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged . . . with the commission of an offense shall commence within seventy days from the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Any periods of delay resulting from other proceedings concerning the defendant are to be excluded from the seventy-day period, pursuant to 18 U.S.C. §§ 3161(h)(1)–(7). Having reviewed the record, we conclude that defendant's Speedy Trial argument is without merit because the trial commenced within the requisite seventy-day period.

Upon a review of the record and the arguments of counsel, we reject defendant's remaining arguments as lacking in merit.

For the reasons stated above, the judgment of conviction is **AFFIRMED**.